*UF*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Robert Schindler
_____

_____ ,

**Plaintiff(s),**

**vs.**

Advocate Healthcare
et al.
_____ ,

**Defendant(s).**

)
)
)
)
)
)
)
)
)
)
)
)

1:15-cv-09674
Judge Virginia M. Kendall
Magistrate Judge Daniel G. Martin

# RECEIVED

OCT 29 2015

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a* **pro se** *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1.    This is a claim for violation of plaintiff's civil rights as protected by the Constitution and

laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2.    The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3.    Plaintiff's full name is    Robert   Schindler                                      .

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

4. Defendant, _viciously withheld despite multiple requests, so as to shield officers from civil and criminal (kidnapping) liability For conducting an illegal arrest absent sufficient probable cause to affect arrest._ , is
(name, badge number if known)

☑ an officer or official employed by City of Park Ridge, Illinois - ;
(department or agency of government)

Park Ridge Police Department or

☐ an individual not employed by a governmental entity.

*If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

5. The municipality, township or county under whose authority defendant officer or official

acted is Park Ridge, Illinois . As to plaintiff's federal

constitutional claims, the municipality, township or county is a defendant only if

custom or policy allegations are made at paragraph 7 below.

6. On or about April 3, 2012 , at approximately 9:00 ☑ a.m. ☐ p.m.
(month, day, year)
plaintiff was present in the municipality (or unincorporated area) of Park

Ridge , in the County of Cook ,

State of Illinois, at Advocate Lutheran General Hospital Human Resources Department - Southeast corner of hospital
(identify location as precisely as possible)

when defendant violated plaintiff's civil rights as follows *(Place X in each box that applies)*:

☑ arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;

☑ searched plaintiff or his property without a warrant and without reasonable cause;

☑ used excessive force upon plaintiff;

☑ failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants;

☐ failed to provide plaintiff with needed medical care;

☑ conspired together to violate one or more of plaintiff's civil rights;

☑ Other: Plaintiff was not subjected to an internal employment

disciplinary investigation, he was wrongfully arrested, and terminated from employment for allegations that allegedly occured on a different day than the arrest, not in the arresting officers presence.

2

7. *Justified concerns exist about corrupt attempts to cover up illegal police activity in this case.*

Defendant officer or official acted pursuant to a custom or policy of defendant municipality, county or township, which custom or policy is the following: (*Leave blank if no custom or policy is alleged*): The attached articles and Attorney Terry Ekl report help outline a "pattern of practice" and custom/policy violations pertinent to this case including evidence of officers conducting arrests absent sufficient probable cause, insufficient departmental training, and poor leadership/oversight.

8. Plaintiff was charged with one or more crimes, specifically: *Requests to file complaint against arresting officers have been ignored.*

ILCS 720-135/1-2-A-1 (Misdemeanor Class B) x 2 Counts
Harassment - Electronic Communication
ILCS 720-5/21-1.3-A (Misdemeanor Class A) x 1 Count
Criminal Defacement of Property
Plaintiff has no criminal history of these type of criminal allegations

9. (*Place an X in the box that applies. If none applies, you may describe the criminal proceedings under "Other"*) The criminal proceedings

☒ are still pending.

☐ were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

☐ Plaintiff was found guilty of one or more charges because defendant deprived me of a fair trial as follows Attached exhibits show Plaintiff has requested a speedy trial by Jury under the U.S. Constitution

☒ Other: Defendants are stalling the resolution of this case to avoid exposure of an illegal arrest along with civil and criminal liabilities

[1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

3

10. Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

Please see attached full description of events pertaining to each defendant and their involvement in my case and justification for being named in this civil suit.

11. Defendant acted knowingly, intentionally, willfully and maliciously.

12. As a result of defendant's conduct, plaintiff was injured as follows:

Plaintiff has endured State of Illinois, United States of America, and International Law violations of his human, civil, and due process rights. Plaintiff was unfairly and unjustly terminated from his employment at a hospital he loved to work at. (Advocate Lutheran) (General Hospital)

13. Plaintiff asks that the case be tried by a jury. ☑ Yes ☐ No

4

14.   Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such

as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy,

and/or any other claim that may be supported by the allegations of this complaint.

**WHEREFORE,** plaintiff asks for the following relief:

A.   Damages to compensate for all bodily harm, emotional harm, pain and suffering,

loss of income, loss of enjoyment of life, property damage and any other injuries

inflicted by defendant; *Return of Plaintiffs blue and black DELL laptop computer*
*$1,000 compensation for unjustified bail bond violation in Winter 2013.*

B.   ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages

against the individual defendant; and *$10,000,000.00 (Ten Million Dollars)*
*for nearly 3yrs of illegal unresolved criminal allegations, false arrest, malicious*
*prosecution, abuse of power, color of Law violations etc.*

C.   Such injunctive, declaratory, or other relief as may be appropriate, including

D.  *Return to employment at Advocate Lutheran General Hospital*

attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: *Robert Schindler*

Plaintiff's name *(print clearly or type)*: *Robert Schindler*

Plaintiff's mailing address: *PO Box 59428*

City *Schaumburg*   State *IL*   ZIP *60159*

Plaintiff's telephone number: *(312) 375-7053*

**New Mailing Address**

Robert Schindler: Pro Se Litigant
1720 West Palm Drive, #21
Mount Prospect, Illinois 60056

Plaintiff's email address *(if you prefer to be contacted by email)*

*IWALFM@yahoo.com*

15.   Plaintiff has previously filed a case in this district.   ☒ Yes ☐ No

*If yes, please list the cases below.*
*EEOC:   Result   U.S Fed Ct.*
*440-2013-00114 - Inconclusive → 14cv880*
*440-2014-01963 - Inconclusive → 14cv04508*

*Any additional plaintiffs must sign the complaint and provide the same information as the first
plaintiff. An additional signature page may be added.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Robert Schindler )

PLAINTIFF )

v. )

1. Advocate Healthcare ) Case #:
2. Advocate Lutheran General Hospital-ALGH )
3. ALGH Director of Human Resources: ) Judge:
   Mr. Leonard Pawelski )
4. City of Park Ridge, Illinois ) Magistrate Judge:
5. Park Ridge, Illinois Police Department )
6. Park Ridge Chief of Police: )
   Mr. Frank Kaminski )
7. Park Ridge Police Arresting Police Officers: )
   Names Unknown and Intentionally, )
   Knowingly, & Maliciously Withheld )
   Circuit Court of Cook County Municipal )
   2nd District Skokie Courthouse )
   (case # 12200118601) *State of Illinois v.* )
   *Robert Schindler*) )
8. Cook County States Attorney: )
   Mrs. Natalie Sanchez, )
9. Cook County States Attorney: )
   Mr. Ben Williams )
10. Cook County States Attorney: )
    Mrs. Anita Alverez, & Others )
11. Honorable Chief Judge: )
    Circuit Court of Cook County, Illinois )
    Mr. Timothy C. Evans )
12. Honorable Presiding Judge: )
    Circuit Court of Cook County, Illinois )
    2nd Municipal District Skokie Courthouse )
    Mrs. Shelley Sutker-Dermer )
13. Honorable Judge: Mr. Henry Singer )
14. Honorable Judge: Mr. Jeffrey Warnick )
15. Honorable Judge: Mr. Timothy Chambers )
16. Honorable Judge: Mr. Earl Hoffenberg )
17. Honorable Judge: Mrs. Marcia Orr )
18. Honorable: Mrs. Lauren Edidin )
19. Circuit Court of Cook County Chief Deputy )
    Office of the Public Defender: )
    Mrs. Linda Utall )
20. Public Defender: Mr. Robert Mucci )
21. Appointed Attorney: Mr. James Mullenix )

DEFENDANT(S) )

1

|  |  |
|---|---|
| ) | UNITED STATES DISTRICT COURT |
| ) | NORTHERN DISTRICT OF ILLINOIS |

Robert Schindler )

PLAINTIFF )

v. )

22. Private Attorney: Mr. James Busch ) Case #
23. Private Attorney: Mr. John Clarke )
24. Circuit Court of Cook County, Illinois ) Judge:
 Executive Clerk of Court Operations & )
 Administration: ) Magistrate Judge:
 Dr. Franchion Blumenberg )
25. Circuit Court of Cook County, Illinois )
 Forensic Clinical Services & Director: )
 Dr. Mathew S. Markos )
26. Cook County, Illinois Board of )
 Commissioners & President: )
 Mrs. Toni Preckwinkle )
27. State of Illinois Attorney General: )
 Mrs. Lisa Madigan )
28. State of Illinois Judicial Inquiry Board & )
 Agency Chair: Judge McDonald C. Hudson )
29. State of Illinois Attorney Registration & )
 Disciplinary Commission & Agency Chair: )
 Mrs. Joan Myers Eagle )
30. Oakton Community College )
31. City of Des Plaines, Illinois )
32. City of Arlington Heights, Illinois )
33. United States of America: )
 Federal Agency-U.S. Department of Justice )
34. United States of America: )
 Federal Agency-U.S. Federal Bureau of )
 Investigation )
)
DEFENDANT(S) )
CONTINUED )

## COMPLAINT FOR VIOLATIONS OF U.S. CONSTITUTIONAL RIGHTS
## COMPLAINT OF EMPLOYMENT DISCRIMINATION

## PLAINTIFF DEMANDS TRIAL BY JURY
## PLAINTIFF SEEKS ASSISTANCE OF COUNSEL

2

NOW COMES PLAINTIFF, before this honorable court, and attaches the below materials and exhibits in addition to the United States Federal District Court's Complaint for Violation of Constitutional Rights, and asserts concerns about the fair handling and resolution of this Federal Civil Rights/U.S. Constitutional Rights case and two closely related Federal Civil Rights cases (U.S.D.C case # 14cv880 & 14cv04508; U.S.A.C. case # 15-1360 & 15-1361-*Robert Schindler v. Advocate Lutheran General Hospital et al.*) filed with the U.S. District Court for the Northern District of Illinois/Eastern Division. As a criminal justice student, Plaintiff knows that cases involving many law enforcement, judicial, and other authoritative officials as potential civil and/or criminal defendants may prompt corrupt and unfair activity in violation of State, Federal, and International laws in an attempt to conceal civil and/or criminal liability and/or other illegal activities. Plaintiff further knows from his criminal justice collegiate studies that Park Ridge, Illinois; Cook County, Illinois; and the State of Illinois all display a history of corruption, official misconduct, and credibility issues well documented in litigation literature and with various media and human rights forums. Plaintiff would also like to assert concerns that given his Pro Se/indigence status as a poor individual that he may not receive fair and equitable assistance, representation, and outcome for the unfair and illegal actions that preceded this federal civil rights case, in essence Plaintiff is concerned he may have been and might still be deprived of equal and fair access to the U.S. Federal and State Courts through poor person discrimination. Plaintiff is confident that unfair employment, law enforcement, and judicial proceedings have occurred in the sequence of cases (both criminal and civil) which have led to this filing of a third civil rights complaint against Advocate Healthcare and other applicable Defendants and respectfully requests all fair access to this honorable court to fairly resolve this case.

Plaintiff has already alerted this honorable U.S. Federal District Court in prior litigation, The U.S. Department of Justice, The U.S. Attorneys Office for the Northern District of Illinois, and the U.S. Federal Bureau of Investigation of his desire to file a complaint against the Park Ridge Police Department over a year ago to raise allegations of criminal kidnapping and theft charges, but these Defendants have knowingly, intentionally, and maliciously prevented Plaintiff from making such reports similarly to the corrupt actions this very same police department engaged in with respect to another U.S. Federal Civil Rights case heard before this honorable court's current Chief Judge: Mr. Ruben Castillo in case # 2007cv06063-*Gavin Farley v. City of Park Ridge, Illinois*, were Mr. Farley's mother was prevented, through being ignored, from making a police complaint about her son being allegedly assaulted by Park Ridge Police officers as a minor.

Plaintiff intends on sending select media forums copies of this complaint in its entirety. Since the underlying criminal allegations have not been fairly and properly resolved for over three full years on rather minor misdemeanor allegations, the unfair delay of resolving the criminal portion of this case is rather historic and violates International and domestic laws, justifying reports to international media for human rights violations. Since the case has not been fairly resolved it is in a "continuous" state of harm, which continues to grow. Plaintiff asks for the representation of an attorney to fairly help him resolve this Federal Civil Rights case and to recover a fair civil remand and other appropriate relief given the extraordinary set of circumstances, which have transpired comparative to other criminal cases of a similar or more serious nature. Plaintiff asserts that a federal question is raised about the notion that an attorney should be appointed to help him resolve the civil rights portion of this case because this civil rights case was launched as a proximate result of an excessively delayed and illegally initiated criminal case in which he demanded the assistance of an unbiased attorney. The original private attorneys made motions to quash the arrest as illegal and suppress alleged incriminating statements, which were not timely heard by the court in over 2-½ years. Both private attorneys/Defendants Mr. James Busch and John Clarke and the Public Defender/Defendant Mr. Robert Mucci delayed this case about one year a piece. It is important to note that this honorable U.S. Federal District Court has known about these excessively delayed and unresolved underlying criminal charges as Plaintiff has filed two prior civil rights employment discrimination complaints Pro Se following "Right to Sue" letters reflective of "inconclusive" findings issued after over a year long investigation by the United States Equal Employment Opportunity Commission (EEOC Charge # 440-2013-00114 & 440-2014-01963). Likewise, a new Illinois Department of Human Rights Charge of employment discrimination (IDHR Charge # 2015-CF-2060-

*Robert Schindler v. Advocate Lutheran General Hospital*) has been launched alleging Advocate Healthcare has engaged in a "failure to hire/failure to reinstate" based on unfounded and unsubstantiated criminal allegations which were not thoroughly internally investigated by Advocate Healthcare and prompted violations of Plaintiff's civil rights including an illegally instigated arrest, unfair employment termination, and whose criminal court proceedings have not conclusively proved Plaintiff's wrongdoing, thereby justifying his fair termination from employment. Plaintiff has already filed an Illinois Department of Human Rights Charge of employment discrimination (IDHR Charge # 2014-CN-1509-*Robert Schindler v. Macy's Retail Holdings Inc.*) stemming from the underlying criminal allegations against Plaintiff in which Macy's Retail Holdings Inc. engaged in a "failure to hire" based on unfounded criminal allegations against Plaintiff and which produced a "substantial evidence" finding of a civil rights violation prompting the case to be referred to the Illinois Human Rights Commission. Applying similar logic the IDHR charge involving Advocate Healthcare should resolve in a similar fashion to ensure consistency, credibility, and continuity since no definitive proof of Plaintiff's wrongdoing has been established and since many other people and motives exist for the criminal actions alleged. In the interest of not creating negative precedent or precedent which can be abused Plaintiff should be returned to his prior employment at Advocate Lutheran General Hospital as not doing so creates negative case precedent about how people can unfairly be terminated from work by other people with a whole host of potential motives or succumb to being the victim of circumstance. For example, if two sales people are competing for commission one could have the other accused of harassing emails or theft to have them fired and garnish their commission. Without proof of actual misconduct an innocent person can endure a tarnished reputation, negative employment record, and be ostracized from an employer they would have otherwise spent their career with.

## PLAINTIFF & DEFENDANT'S ADDRESSES

**PLAINTIFF(S):**

P1  Plaintiff, Robert Schindler, is an individual citizen residing in Cook County, Illinois at
a residential address of 1720 West Palm Drive, #21 Mount Prospect, Illinois 60056.
Plaintiff believes he has been deprived of or otherwise prevented from receiving
important court documents through potentially malicious means with regards to two related
Federal Civil Rights cases in this U.S. District Court, prior U.S. Equal Employment
Opportunity Commission charges of employment discrimination, and other complaints made
against many defendants in this third Federal Civil Rights case against Advocate Healthcare
et al. Plaintiff has had one package stolen at his previous residential address (1001 West
Cottonwood Lane #18G Mount Prospect, Illinois 60056) and knows from his criminal justice
training that officials could abuse their authority to have documents intercepted, removed,
or otherwise merely not sent to cause Plaintiff, a Pro Se litigant to not receive pertinent
notices to appear before the court, and thus have the case unfairly and prematurely
dismissed. Plaintiff believes this occurred in related U.S. Federal Court U.S.D.C. case #
14cv880-*Advocate Healthcare et al.*

This matter is being reported to the U.S. Court of Appeals cases 15-1360 & 15-1361 and in
related U.S. Federal District Court cases 14cv880 & 14cv04508-*Advocate Healthcare et al*,
respectively. In both of these cases Plaintiff never received some documents from opposing
attorneys and the U.S. District Court including U.S. District Court notices that the cases had
been dismissed. In case # 14cv880 the lack of receiving notices caused the case to be
dismissed for alleged "failure to prosecute," which doesn't make sense because a Plaintiff
had filed this civil rights litigation following 2 ½ years of unresolved criminal litigation and
over a year-long EEOC investigation yielding inconclusive findings of disability
discrimination underlying wrongful termination, advocacy about associate inequality at the
hospital, whistleblowing hospital facility safety hazards, and the unfair accusation of
criminal allegations at the employment level. Plaintiff believes he should have been
appointed the assistance of an attorney in both of these cases and this current case because
they directly have emerged as a proximate result of unresolved and illegal criminal litigation
which has not afforded the right to an objective and unbiased appointed lawyer during
criminal prosecutions, criminal litigation in which multiple civil rights and U.S Constitutional
rights have been violated and in which appointed attorneys/Defendants in this case have
acted unethically, unprofessionally, and have a direct proximate influence in an unfair
outcome of that underlying criminal case.

**DEFENDANT(S):**

D1.  Defendant, Advocate Healthcare, is a corporation incorporated under the State of Illinois and
having a main office at: Advocate Healthcare Administrative Offices located at 3075 Highland
Parkway, Suite 600 Downers Grove, Illinois 60515.

D2.  Defendant, Advocate Lutheran General Hospital, is a corporation incorporated under the
State of Illinois and having a main office at: 1775 Dempster Avenue Park Ridge, Illinois
60068.

D3.  Defendant, Advocate Lutheran General Hospital-Hospital Director of Human Resources:
Mr. Leonard Pawelski, is an employee within the State of Illinois and having an employment
main office at: Advocate Lutheran General Hospital located at 1775 Dempster Street Park
Ridge, Illinois 60068.

D4.     Defendant, City of Park Ridge, is a corporation incorporated under the State of Illinois and having a main office at: Park Ridge City Hall-505 Butler Place Park Ridge, Illinois 60068.

D5.     Defendant, Park Ridge Police Department, is a corporation incorporated under the State of Illinois and having a main office at: 200 South Vine Street Park Ridge, Illinois 60068.

D6, 7.  Defendants, City of Park Ridge, Illinois Police Chief Mr. Frank Kaminski and Park Ridge Arresting Police Officers (names unknown and intentionally, knowingly, and maliciously withheld) are employees within the State of Illinois and having an employment main office address at: 200 South Vine Street Park Ridge, Illinois 60068.

D8, 9   Defendants, State of Illinois-States Attorneys: Mrs. Natalie Sanchez, Mr. Ben
12-20.  Williams; Chief Deputy Director-Office of the Public Defender: Linda Utall; Public Defender: Robert Mucci; Honorable Judges: Mr. Henry Singer, Mr. Jeffrey Warnick, Mr. Timothy Chambers, Mr. Earl Hoffenberg, Mrs. Marcia Orr, Mrs. Lauren Edidin; Honorable Presiding Judge: Mrs. Shelley Sutker-Dermer; are employees within the State of Illinois and having an employment main office address at: 5600 Old Orchard Road Skokie, Illinois 60077.

D22,    *Defendants, Private Attorneys: John Clarke & James Busch, are employees within the*
23.     *State of Illinois and having an employment main office address at: 120 West*
        Eastman Street Suite #101 Arlington Heights, Illinois 60004.

D10,    Defendants, Circuit Court of Cook County Chief Judge: Mr. Timothy C. Evans; Executive Clerk
11, 24. of Court Operations and Administration: Dr. Franchion Blumenberg; Illinois States Attorney: Mrs. Anita Alverez; are individuals employed within the State of Illinois and having a main office at: Circuit Court of Cook County Main Dailey Center Courthouse-50 West Washington Street Chicago, Illinois 60602.

D21.    Defendant, Appointed Attorney: James D. Mullenix, is an employee within the State of Illinois and having an employment main office address at: Koehler/Mullenix, LLC-2906 Central Street, Suite 150 Evanston, Illinois 60201.

D25.    Defendant, Circuit Court of Cook County Forensic Clinical Services, is a corporation incorporated within the State of Illinois and having a main office located at: Criminal Courts Administration Building-2650 South California Avenue, 10th Floor Chicago, Illinois 60608.

D25.    Defendant, Circuit Court of Cook County Forensic Clinical Services Director: Dr. Mathew S. Markos, is an individual employed within the State of Illinois and having a main office located at: Criminal Courts Administration Building-2650 South California Avenue, 10th Floor Chicago, Illinois 60608.

D26.    Defendants, Cook County Board of Commissioners & Cook County President Mrs. Toni Preckwinkle are individuals employed within the State of Illinois and having a main office address at: Cook County Building-118 North Clark Street Chicago, Illinois 60602.

D27.    Defendant, State of Illinois Attorney General: Mrs. Lisa Madigan, is an individual employed within the State of Illinois and having a main office located at: James R. Thompson Center-100 West Randolph Street, 12th Floor Chicago, Illinois 60601.

D28.    Defendant, State of Illinois Judicial Inquiry Board, is a corporation incorporated under the State of Illinois and having a main office located at: James R. Thompson Center-100 West Randolph Street Suite 14-500 Chicago, Illinois 60601.

D28.    Defendant, State of Illinois Judicial Inquiry Board Agency Chair-Honorable Judge: Mr. Donald C. Hudson, is an individual employed within the State of Illinois and having a main office located at: James R. Thompson Center-100 West Randolph Street Suite 14-500 Chicago, Illinois 60601.

D29.    Defendant, State of Illinois Attorney Registration Disciplinary Commission (ARDC), is a corporation incorporated under the State of Illinois and having a main office located at: One Prudential Plaza 130 East Randolph Drive, Suite 1500 Chicago, Illinois 60601.

D29.    Defendant, State of Illinois Attorney Registration Disciplinary Commission (ARDC) Commission Chairperson: Mrs. Joan Myers Eagle, is an individual employed within the State of Illinois and having a main office located at: 130 East Randolph Drive, Suite 1500 Chicago, Illinois 60601.

D30.    Defendant, Oakton Community College, is a corporation incorporated under the State of Illinois and having a main office located at: Des Plaines Main Campus-1600 East Golf Road Des Plaines, Illinois 60016.

D31.    Defendant, City of Des Plaines, Illinois, is a corporation incorporated under the State of Illinois and having a main office located at: Des Plaines City Hall-1420 Miner Street Des Plaines, Illinois 60016.

D32.    Defendant, The City of Arlington Heights, Illinois, is a corporation incorporated under the State of Illinois and having a main office located at: Arlington Heights City Hall-33 South Arlington Heights Road Arlington Heights, Illinois 60005.

D33.    Defendant, United States of America-United States Department of Justice is a federal executive department of the United States Government, responsible for enforcement of the law and administration of justice within the United States of America and having a main office located at: 950 Pennsylvania Avenue, NW Washington, D.C. 20530-0001.

D34.    Defendant, United States of America-United States Federal Bureau of Investigation is a federal executive department of the United States Government, responsible for upholding and enforcing the criminal laws of the United States of America, engaging in investigation of official misconduct as it pertains to court proceedings and proper compliance with the United States Constitution, ensuring citizens constitutional rights are upheld during criminal proceedings through enforcing proper procedures and detecting and eradicating abuse of authority, abuse of power, and official misconduct violations etc. and having a main office located at 935 Pennsylvania Avenue, NW Washington, D.C. 20535-0001.

## DEFENDANT'S ROLE

It is important to note that two prior civil rights cases were filed by Plaintiff, a           Pro Se litigant, with this honorable United States Federal District Court attempting to articulate the role of each defendant and violations related to his civil and constitutional rights among other claims. It should also be noted that some of the above Defendants actions early on in this case have played crucial roles in how this case has progressed over time. For example, if the Motions to Quash Arrest and Suppress Statements were presided over by an objective trier of fact in a timely manner after Mr. James Busch and Mr. John Clarke filed them the Fall of 2012, this criminal case may have been over years ago. Concerns exist that the recent Motion to Quash Arrest hearing, which finally occurred in September 2015 may have been unfair and manipulated at a disadvantage to Plaintiff. Likewise, prior reports of concerns of speedy trial violations and a need for a venue change have also been ignored unfairly. Plaintiff is concerned that the court record may not adequately reflect court proceedings and/or may have been manipulated maliciously. Plaintiff has noticed that over the progression of this criminal case there has been a tendency to slot his cases matters last or near last in an apparent attempt to reduce the number of witnesses to the inhumane and unconstitutional proceedings.


DEFENDANT(S): 1-3

Defendant(s), Advocate Healthcare, Advocate Lutheran General Hospital (ALGH), and Advocate Lutheran General Hospital Director of Human Resources: Mr. Leonard Pawelski, engaged in wrongdoing as it pertains to this case through: 1) Not fairly and objectively conducting a thorough internal investigation as it pertained to criminal mischief that allegedly occurred at the Advocate Lutheran General Hospital property, 2) Engaging in inadequate managerial practices and poor oversight to ensure the integrity of a business involved in litigious matters and subsequent compliance with State, Federal, and International laws, 3) All potential parties involved and some that may have not been known about, due to inadequate and unfair investigative techniques, were never questioned or had the opportunity to be questioned, 4) ALGH chose to involve the Park Ridge Police Department and instigate a premature arrest absent a valid arrest warrant and criminal complaint, 5) Leonard Pawelski's office was used as the location to lure Plaintiff and facilitate the illegal arrest/kidnapping absent a valid arrest warrant, valid criminal complaint, and Miranda rights being read, suggesting a tactical premeditated kidnapping effort as compared to arresting Plaintiff in front of fellow associates in his department of employment or on a sooner date on one of his prior days off work, 6) Leonard Pawelski chose to terminate Plaintiff unfairly after his organization initiated along with the Park Ridge Police Department unconstitutional arrest proceedings which placed Plaintiff under duress, 7) Mr. Pawelski informed Plaintiff that he wouldn't be rehirable within the Advocate Healthcare system even though no objective finding of Plaintiff's guilt had actually been established. Like the premature arrest, the duress it caused, the violations of civil and constitutional rights it caused, Advocate Healthcare ostracized Plaintiff without not only a fair internal investigation, but more importantly fair judicial proceedings which have failed to fairly resolve the reality that this whole childish case started illegally, because of Advocate Healthcare, by and thru officials like Mr. Leonard Pawelski. While Advocate Healthcare may assert Plaintiff implicated himself, agencies like the Innocence Project and the People's Law Office can provide ample examples of cases where illegal activity and unconstitutional behavior have prompted innocent criminal defendants to implicate themselves. Furthermore, consider that Plaintiff was a criminal justice and psychology collegiate student who has studied about these horrific cases and you can see that it wouldn't be implausible for something similar to occur in this case. Anything Plaintiff allegedly provided could have easily been the result of anything from communal gossip in a hospital facility of 3,000+ people to Plaintiff's use of prior criminal justice training to provide a logical sounding answer. Since Advocate Healthcare acted illegally during these criminal proceedings and Plaintiff was already planning to file a complaint with the Equal Employment Opportunity Commission he now had every reason to tattle tale the illegal activity in this case and seek a trial by jury, confident he had been mistreated regarding alleged criminal acts that stood to gain him nothing, 6) Engaging in actions or failed actions that directly or indirectly violated and/or facilitated violations of Plaintiff's State of

Illinois Constitutional, United States Constitutional, and International Declaration of Human Rights among other applicable civil rights, human rights, and due process laws, treaties, and legislation. 7) Ultimately, these Defendants started the whole sequence of events involved in this case by not properly following acceptable guidelines and procedures thereby raising questions about their credibility and questioning potential motives of such failure to follow procedures if their confidence of Plaintiff's involvement was so apparent, 8) Officials have acted above the law, through failure to behave in compliance with established law and whose conduct is negligent and punitive in nature when comparatively analyzing this case with other local, state, and federal cases of a similar or more serious nature. Attached exhibits, including copies of prior civil rights federal lawsuits may also specify other ways these Defendants negatively influenced Plaintiff justifying their naming in this civil federal suit and qualifying Plaintiff for appropriate relief sought in this complaint,

## DEFENDANT(S): 4-7

Defendant(s), City of Park Ridge, Illinois, Park Ridge, Illinois Police Department, Park Ridge Chief of Police: Mr. Frank Kaminski, and Park Ridge, Illinois Arresting Police Officers, engaged in wrongdoing as it pertains to this case through: 1) Continuing a "pattern of practice" of official misconduct, well established through over a decade long history of official misconduct and police officer misconduct, which culminated in a recent and attached report by Attorney Mr. Terry Ekl, hired by the City of Park Ridge, Illinois in 2008, to investigate the Park Ridge Police Department regarding a myriad of concerns voiced by citizens about the compliant nature of the City of Park Ridge, Illinois and its effective oversight of the Park Ridge Police Department, its Chief of Police, and his subordinate officers, 2) Supporting a "pattern of practice" identified in the Terry Ekl report of a police officer culture of conducting arrests absent ample probable cause, absent valid criminal complaints, and absent valid arrest warrants, 3) Engaging in a failure of managerial oversight by City of Park Ridge, Illinois officials and the Chief of Police Mr. Frank Kaminski to ensure the proper and compliant behavior of each subordinate police officer to act in compliance with the Illinois State Constitution, United States Constitution, and other applicable due process and civil rights laws and legislation, to help ensure the repair of a negative image that has grown upon the City of Park Ridge, Illinois while protecting each criminal defendant's rights in a consistent, fair, objective, and appropriate manner, 4) Engaging in an illegal arrest absent ample probable cause (any debate that this underlying criminal case contained adequate probable cause for arrest should be met with stark criticism and consider the following premise: if this case contained adequate probable cause then police officers should camp out at all local high schools, employers, and other establishments in society, as the allegations in this criminal case were at best childish and if probable cause existed to arrest Plaintiff in this case then police officers need to be fair and consistent and arrest people throughout society for childish allegations based at best on circumstantial evidence that someone engaged in criminal misconduct. However, given the nature by which people can get other people in trouble, the police would be overburdened from serving there appropriate departmental functions in compliance with the law, thereby wasting a lot of time and taxpayer dollars from efficiently serving and protecting society), 5) Engaging in a tactical kidnapping and theft absent a valid arrest warrant or justified excuses in lieu of said warrant, 6) Engaging in a tactical kidnapping and theft absent a valid criminal complaint absent a witness who could directly implicate Plaintiff in misconduct, based on a set of established facts (not hunches or mere suspicions), and instead relied on hunches and mere suspicion to deduce that Plaintiff was the wrongdoer of misconduct when many people could have easily perpetrated the crimes alleged, 7) Engaging in the withholding of the arresting police officers names and failure to allow Plaintiff to make a criminal complaint within the Statute of Limitations against the arresting police officers in an attempt to shield the arresting police officers from criminal liability and exposure, 8) Engaging in actions or failed actions that directly or indirectly violated and/or facilitated violations of Plaintiff's State of Illinois Constitutional, United States Constitutional, and International Declaration of Human Rights among other applicable civil rights, human rights, and due process laws, treaties, and legislation. 9) Officials have acted above the law, through failure to behave in compliance with established law and whose conduct is negligent and punitive in nature when comparatively analyzing this case with other local, state, and federal cases of

a similar or more serious nature, 10) Ultimately, these Defendants continued the whole sequence of events involved in this case by not properly following acceptable guidelines and procedures thereby raising questions about their credibility and questioning potential motives of such failure to follow procedures if their confidence of Plaintiff's involvement was so apparent. 11) Facilitating a violation of the Universal Declaration of Human Rights Article 9, pertaining to not subjecting persons to arbitrary arrest absent compliant requirements being met to restrict a person's liberty. Attached exhibits, including copies of prior civil rights federal lawsuits may also specify other ways these Defendants negatively influenced Plaintiff justifying their naming in this civil federal suit and qualifying Plaintiff for appropriate relief sought in this complaint.

**Federal Question Raised:**

**Should police officers be capable of being held labile after the Criminal Statute of Limitations has expired if illegal and corrupt attempts were made to prevent a criminal defendant from making a criminal complaint against the arresting police officers during the Statute of Limitations, thereby shielding the criminal liability of a public official from harm caused to the victim, regardless of if that victim was innocent or guilty of criminal misconduct, as *officials like police are not above the law and must be held in check by a system of justice and administration to ensure societies integrity and faith in the systems functional capacity?***

-Plaintiff has informed this Honorable U.S. Federal District Court in two prior civil lawsuits that he wanted to file a criminal kidnapping complaint and he asked for help to protect his rights in doing so and those of the community likewise, to ensure a "pattern of practice" ceases in this city of systemic official misconduct.

-Plaintiff has contacted the City of Park Ridge, Illinois and the Park Ridge Police Department directly to file a criminal complaint and make a Freedom of Information Act (FOIA) request, only to be ignored similarly to how Mr. Gavin Farley's mother was ignored when she sought to file a complaint for police officer assault of her son, an underage minor in 2007.

-Now this city and its police force are slotted to be reported worldwide to over 1,000 agencies (including 700 domestic media) in a delayed report following multiple court related documents being filed in both this Federal Civil Rights litigation and the underlying criminal case. The report had been anticipated to be released in September 2015, but it has been delayed and may contain a list of officials involved, their businesses, and other characteristics that help show why Illinois and Cook County, Illinois has a history of human rights violations that make this region appear like a third world region of the United States of America when comparatively analyzed to other regions of the country.

DEFENDANT(S): 8-10

Defendant(s), Cook County, Illinois States Attorney: Mrs. Natalie Sanchez, Cook County, Illinois States Attorney: Mr. Ben Williams, and Cook County, Illinois States Attorney Anita Alverez & other unknown States Attorneys, engaged in wrongdoing as it pertains to this case through: 1) Choosing to engage in the malicious prosecution of childish high school-like criminal allegations of property defacement and harassment through electronic communication which could have been perpetrated by many people with many potential motives, when the case lacked a legal arrest warrant, valid criminal complaint, and ample reasonable doubt that has prompted Plaintiff to adamantly seek a trial by jury for nearly three years, and which is well established through reports sent locally, domestically, and internationally, 2) Through continuing a "pattern of practice" of attempts to force plea deals against a criminal defendants will, 3) Through facilitating unconstitutionally delayed criminal case proceedings for over 1/3 of a decade, 3 1/3 years, or 42

months, 4) Through failure to promptly bring a criminal defendant to a speedy trial by jury and timely resolve the criminal case comparative to other criminal defendants on a local, state, and federal level in an apparent attempt to corruptly ensure high conviction ratios with plea deals factored in this mathematical calculation, while corruptly attempting to help ensure a near 99% conviction ratio at the Circuit Court of Cook County, Illinois Municipal 2nd District Skokie Courthouse, 5) Engaging in actions or failed actions that directly or indirectly violated and/or facilitated violations of Plaintiff's State of Illinois Constitutional, United States Constitutional, and International Declaration of Human Rights among other applicable civil rights, human rights, and due process laws, treaties, and legislation, 6) Officials have acted above the law, through failure to behave in compliance with established law and whose conduct is negligent and punitive in nature when comparatively analyzing this case with other local, state, and federal cases of a similar or more serious nature, 7) Ultimately, these Defendants continued the whole sequence of events involved in this case by not properly following acceptable guidelines and procedures thereby raising questions about their credibility and questioning potential motives of such failure to follow procedures if their confidence of Plaintiff's involvement was so apparent. Attached exhibits, including copies of prior civil rights federal lawsuits may also specify other ways these Defendants negatively influenced Plaintiff justifying their naming in this civil federal suit and qualifying Plaintiff for appropriate relief sought in this complaint, 8) Facilitating violations of the Universal Declaration of Human Rights Articles 7 and 10 pertaining to equal protection under the law and bringing criminal defendants to a speedy and impartial tribunal in a timely manner, which is the State of Illinois's responsibility, by an through the Office of the Illinois/Cook County, Illinois State's Attorney and those aforementioned Illinois/Cook County, Illinois States Attorneys.

If we audit these States Attorneys and conduct a comparative analysis with this case and other similar or more serious criminal cases these officials have dismissed or that were dismissed by the court (including wrongful arrest cases) we will see objectively that this criminal case should be dismissed as a matter of strict law to be fair and compliant and as a duty to uphold prior case precedent. Even if a trial should occur before the bench or jury, only an acquittal is appropriate, as reasonable doubt exists as to who actually engaged in the wrongdoing. No physical direct evidence unequivocally proves any one person or group of people engaged in the misbehavior and thus relying on circumstantial evidence to delay a criminal case 1/3 of a decade is not only unconstitutional, but has proved nothing except that the State of Illinois and Cook County, Illinois is home to a contingent of ignorant and un-American legal professionals who break the law corruptly. This underlying criminal case outlines how technology can be manipulated by anyone and from practically anywhere. Even the spy camera alleged to have been used in this case could have been manipulated maliciously, and considering this criminal case wasn't brought properly over high school-like allegations, only strengthens such an argument. Plaintiff knew he was illegally treated since the original date of his arrest on April 3, 2012 given his collegiate criminal justice and psychology training and likewise the prosecutors who chose to prosecute these criminal charges knew the case lacked a warrant for arrest and still proceeded for well over 1/3 of a decade to prosecute the case, its appalling, its a miscarriage of justice, and as a person who wanted to make law his career, it has prompted Plaintiff to abandon such a pursuit on principle. Plaintiff would rather go help the ill and bring smiles to them in the most basic of ways rather than engaging in the inhumane, illegal, and un-American misconduct witnessed in the justice system of Cook County, Illinois and the State of Illinois. How can the United States empower and lead the world if it allows degenerate officials to not follow procedures and lead by example. In some third world countries officials not engaged in corruption who engage in this type of breach of professional duty would be subject to harsh penalties or even death for their official misconduct. If these prosecutors want a job and the prestige that come with it, they need to act fair and consistent in compliance with the law. Society is becoming increasingly educated and more and more people will seek trials by jury and will tattle tale about violations of their civil and constitutional rights, unfair, corrupt, and unethical misconduct. The Internet will provide an easy, fast, and efficient mode of exposing official misconduct. This court is obligated to ensure Plaintiff and other persons aren't unfairly treated. The concepts of the U.S. Construction being the "supreme law of the land" and the notion of Starie Decisis guiding case law are very important, just as it is important to have courts who engage in consistency, credibility, and continuity. Prosecutors must be held to

11

strict standards to be fair and consistent otherwise violations of equal protection under the law can be asserted, especially when case comparative analysis is conducted.

DEFENDANT(S): 11-12, 24

Defendant(s), Honorable Chief Judge: Circuit Court of Cook County, Illinois-Mr. Timothy C. Evans, Honorable Presiding Judge: Circuit Court of Cook County, Illinois 2nd Municipal District Skokie Courthouse-Mrs. Shelley Sutker-Dermer, and Circuit Court of Cook County, Illinois Executive Clerk of Court Operations & Administration-Dr. Franchion Blumenberg, engaged in wrongdoing as it pertains to this case through: 1) Failure of professional and managerial responsibility as leaders of court systems and facilities, *so as to ensure equal protection under the law is levied despite a paper trial* of reports of unfair and inhumane childish criminal case proceedings that lasted for over 1/3 of a decade, 2) While these professionals ability to directly influence an outcome of a case should be limited to administrative and managerial functions, they should have the capacity to ensure equal protection under the law. This case resulted from an illegal arrest and an ethical duty existed for these professionals to act in an administrative capacity and protect the rights of all persons enduring court procedures, so as to ensure the fair and consistent prosecution of the accused and thereby reducing the probability of wrongful convictions. Attached exhibits show that Dr. Franchion Blumenberg was aware in the Fall of 2013 that Plaintiff had voiced concerns about a lack of a speedy trial by jury and there is an extensive paper trial that validates this claim. Likewise, a paper trial affirms Plaintiff's desire to have a trial by jury comparative to accepting any plea deal which helps to show the malicious nature of Defendants in this Civil Rights lawsuit trying to unfairly control the outcome of the underlying criminal case, 3) Acted outside the protections inferred by judicial immunity and in a punitive and reckless disregard for the civil, constitutional, and human rights of accused defendants. The failure to intervene in this case from an administrative standpoint when the case was illegal from its origins suggests that other accused defendants in Cook County, Illinois may be neglected and subjected to unfair criminal case outcomes even though they may have been illegally treated from the onset of the criminal court process, 4) Engaging in actions or failed actions that directly or indirectly violated and/or facilitated violations of Plaintiff's State of Illinois Constitutional, United States Constitutional, and International Declaration of Human Rights among other applicable civil rights, human rights, and due process laws, treaties, and legislation. 5) Officials have acted above the law, through failure to behave in compliance with established law and whose conduct is negligent and punitive in nature when comparatively analyzing this case with other local, state, and federal cases of a similar or more serious nature, 6) Ultimately, these Defendants facilitated the whole sequence of events involved in this case by not properly following acceptable guidelines and procedures thereby raising questions about their credibility and questioning potential motives of such failure to follow procedures if their confidence of Plaintiff's involvement was so apparent. Attached exhibits, including copies of prior civil rights federal lawsuits may also specify other ways these Defendants negatively influenced Plaintiff justifying their naming in this civil federal suit and qualifying Plaintiff for appropriate relief sought in this complaint, 7) Facilitating violations of the Universal Declaration of Human Rights Articles 7 and 10 pertaining to equal protection under the law and bringing criminal defendants to a speedy and impartial tribunal in a timely manner, which is not only the State of Illinois's responsibility, by an through the Office of the Illinois State's Attorney and those aforementioned Illinois States Attorneys, but also those who are assigned to judge the criminally accused along with those employed as courthouse administrators such as the Chief Judge of the Circuit Court of Cook County, Illinois and the Presiding Judge of the 2nd Municipal District's Skokie Courthouse of that same court system.

DEFENDANT(S): 13-18

Defendant(s), Honorable Judge Henry Singer, Honorable Judge Jeffrey Warnick, Honorable Judge Timothy Chambers, Honorable Judge Earl Hoffenberg, Honorable Judge Marcia Orr, and Honorable Judge Lauren Edidin, engaged in wrongdoing as it pertains to this case through: 1) Collectively, these judges presided over this criminal case multiple times during various stages during cases 3 ½+ years of litigation, 2) Collectively, these judges engaged in a failure to properly resolve a criminal case which involved an illegal arrest and a defective criminal complaint, 3) Collectively, these judges engaged in a failure to dismiss the criminal complaint before the court on grounds of U.S. Constitutional violations of Plaintiff's 4th Amendment U.S. Constitutional rights to be free from unreasonable searches and seizures and fair due process requirements such as a valid criminal complaint based upon oath and affirmation and reflective of a set of particular facts, not hunches or assumptions., 4) Collectively, these judges failed to timely consider Motions to Quash Arrest and Suppress Statements made by Plaintiff's original private attorneys/Defendants James Busch and John Clarke in the Fall of 2012, 5) Collectively, these judges failed to bring Plaintiff in a timely manner to a speedy trial by jury compared to other criminal cases and allowed the historical delay of criminal litigation to incubate in the court system in direct violation of Plaintiff's 6th Amendment U.S. Constitutional right to a speedy criminal trial, 6) Collectively, these judges have increasingly (as this case has progressed) put Plaintiff's criminal proceedings towards the end of court hearing dates so as to reduce the number of witnesses to the unfair actions by the court, 7) Collectively, these judges failed to have Plaintiff reevaluated for alleged fitness to stand trial raised in the Winter of 2013 and Plaintiff was deemed "fit to stand trial" in July 2013, but no subsequent timely evaluations have been ordered to ensure this state persists for the alleged four planned trial by jury dates scheduled for October 2013, April 2014, October 2014, and October 2015, 8) Likewise, these judges failed to evaluate Plaintiff at any point in time to see if he was mentally fit to participate in the plea bargain process. Since Plaintiff was insinuated to not be mentally fit to stand trial, the court and the judges overseeing the court have a legal duty to ensure that a criminal defendant continues to be mentally fit to stand trial or engage in the plea bargaining process as this is a part of judicial oversight and judicial duty. 9) Some of these judges engaged in unfair increases of Plaintiffs bail bond and sent Plaintiff to jail violating his 8th Amendment U.S. Constitutional right against cruel and unusual punishment, especially considering the criminal complaint before the court was illegal and based on an illegal arrest. Thus, if the criminal case was dismissed properly and as a matter of law no alleged bail bond violations or incarceration would have occurred, which by its very nature only added to the duress in this case and placed Plaintiff's life in danger in the notorious Cook County Jail, even though Plaintiff acknowledges that he learned many valuable things from his two stays in the jail facility including the fact inmates could be put to work on more regimented schedules, as compared to lying around all day, producing products for example, thereby working off their obligations to society for their wrongdoing and helping to produce products Made in America that could be sold worldwide, a more advanced concept of the old process whereby license plates were manufactured by prison inmates at some prison facilities. 10) Acted outside the protections inferred by judicial immunity and in a punitive and reckless disregard for the civil, constitutional, and human rights of accused defendants, 11) Engaging in actions or failed actions that directly or indirectly violated and/or facilitated violations of Plaintiff's State of Illinois Constitutional, United States Constitutional, and International Declaration of Human Rights among other applicable civil rights, human rights, and due process laws, treaties, and legislation. 12) Officials have acted above the law, through failure to behave in compliance with established law and whose conduct is negligent and punitive in nature when comparatively analyzing this case with other local, state, and federal cases of a similar or more serious nature, 13) Ultimately, these Defendants facilitated the whole sequence of events involved in this case by not properly following acceptable guidelines and procedures thereby raising questions about their credibility and questioning potential motives of such failure to follow procedures if their confidence of Plaintiff's involvement was so apparent. Attached exhibits, including copies of prior civil rights federal lawsuits may also specify other ways these Defendants negatively influenced Plaintiff justifying their naming in this civil federal suit and qualifying Plaintiff for appropriate relief sought in this complaint, 14) Facilitating violations of the Universal Declaration of Human Rights Articles 7 and 10 pertaining to equal protection under the law and bringing criminal

defendants to a speedy and impartial tribunal in a timely manner, which is not only the State of Illinois's responsibility, by an through the Office of the Illinois State's Attorney and those aforementioned Illinois States Attorneys, but also those who are assigned to judge the criminally accused along with those employed as courthouse administrators such as the Chief Judge of the Circuit Court of Cook County, Illinois and the Presiding Judge of the 2nd Municipal District's Skokie Courthouse of that same court system.

DEFENDANT(S): 19-20

Defendant(s), Circuit Court of Cook County, Illinois Chief Deputy Office of the Public Defender: Mrs. Linda Utall and Public Defender: Mr. Robert Mucci, engaged in wrongdoing as it pertains to this case through: 1) Not zealously and objectively representing Plaintiff in his criminal matters in full strict compliance with the law, 2) Failed to ensure all possible motions that could have been filed and deliberated in a timely manner, many of which were voiced extensively in written communications sent locally, nationally, and internationally and included court officials and officials within the Circuit Court of Cook County, Illinois Office of the Public Defender. Some motions that were not fairly, timely, and objectively proposed and deliberated by an objective trier of fact while not being influenced by various parties "interests" in this case include: Motion to Dismiss due to a defective criminal complaint, Motion to Quash Arrest due to a lack of valid arrest warrant and ample probable cause to finger point Plaintiff versus other potential people, Motion to Suppress Statements alleged to have been given following an illegal arrest, Motion for a reduction of Bail Bond for excessive bail bond comparative to other criminal cases of a similar or more serious nature, Motion for a Venue Change given the horrific length of this criminal case and the large quantity of officials named in federal civil rights litigation who may have motives to provide an unfair outcome to Plaintiff (especially after a trial), Motion to Access the Arresting Police Officers conduct history to raise further credibility issues in my defense about the Park Ridge Police Department, even though the arresting officers already conducted my arrest illegally, and any other motion that would be in my interest or that I continuously voiced, 3) Failed to act as an "assistant" of counsel as outlined in the U.S Constitution's 6th Amendment, thereby leaving the final decisions up to myself, 4) Abused authority to assert that I had mental health issues and that I was not mentally "fit" for trial or "competent" to stand trial and made insinuations that I should take an insanity defense prompting further distrust and duress, 5) Aided in the excessive delay of the criminal case through not performing their job properly, diligently, and strictly in accordance with the law. If we brought in private attorneys from out of state and paid them an ample sum of money this criminal case would be fairly and properly resolved years ago suggesting yet another major flaw in the American criminal justice system, poor person discrimination leads to more unfair case outcomes and more innocent people being convicted of crimes they didn't commit or forced through duress to plea guilty to things they didn't do, 6) Engaging in actions or failed actions that directly or indirectly violated and/or facilitated violations of Plaintiff's State of Illinois Constitutional, United States Constitutional, and International Declaration of Human Rights among other applicable civil rights, human rights, and due process laws, treaties, and legislation. 7) Officials have acted above the law, through failure to behave in compliance with established law and whose conduct is negligent and punitive in nature when comparatively analyzing this case with other local, state, and federal cases of a similar or more serious nature, 8) Ultimately, these Defendants facilitated the whole sequence of events involved in this case by not properly following acceptable guidelines and procedures thereby raising questions about their credibility and questioning potential motives of such failure to follow procedures if their confidence of Plaintiff's involvement was so apparent. Attached exhibits, including copies of prior civil rights federal lawsuits may also specify other ways these Defendants negatively influenced Plaintiff justifying their naming in this civil federal suit and qualifying Plaintiff for appropriate relief sought in this complaint, 7) Facilitating violations of the Universal Declaration of Human Rights Articles 7 and 10 pertaining to equal protection under the law and bringing criminal defendants to a speedy and impartial tribunal in a timely manner, which is not only the State of Illinois's responsibility, by an through the Office of the Illinois State's Attorney and those aforementioned Illinois States Attorneys, but also those who are assigned to represent and judge the criminally

accused along with those employed as courthouse administrators such as the Chief Judge of the Circuit Court of Cook County, Illinois and the Presiding Judge of the 2nd Municipal District's Skokie Courthouse of that same court system.

DEFENDANT(S): 21-23

Defendant(s), Appointed Attorney: Mr. James Mullenix, Private Attorney: Mr. James Busch, and Private Attorney: Mr. John Clarke, engaged in wrongdoing as it pertains to this case through: 1) Not zealously and objectively representing Plaintiff in his criminal matters in full strict compliance with the law, 2) Failed to ensure all possible motions that could have been filed and deliberated in a timely manner, many of which were voiced extensively in written communications sent both locally, nationally, and internationally and included court officials and officials within the Circuit Court of Cook County, Illinois Office of the Chief Judge of Cook County, Illinois-Mr. Timothy C. Evans. Some motions that were not fairly, timely, and objectively proposed and deliberated by an objective trier of fact while not being influenced by various parties "interests" in this case include: Motion to Dismiss due to a defective criminal complaint, Motion to Quash Arrest due to a lack of valid arrest warrant and ample probable cause to finger point Plaintiff versus other potential people, Motion to Suppress Statements alleged to have been given following an illegal arrest, Motion for a reduction of Bail Bond for excessive bail bond comparative to other criminal cases of a similar or more serious nature, Motion for a Venue Change given the horrific length of this criminal case and the large quantity of officials named in federal civil rights litigation who may have motives to provide an unfair outcome to Plaintiff, Motion to Access the Arresting Police Officers conduct history to raise further credibility issues in my defense even though the arresting officers already conducted my arrest illegally, and any other motion that would be in Plaintiff's interest or that he continuously voiced, 3) Failed to act as an "assistant" of counsel as outlined in the U.S Constitution's 6th Amendment, thereby leaving the final decisions up to Plaintiff and instead abused his role inciting fear and duress continuing to mention specifically "jail" as practically the only outcome at trial when other forms of sentencing exist if a guilty finding is rendered, 4) Appeared to be pressured with interests from outside parties possibly those whom appointed him, 5) Continued to represent Plaintiff despite Plaintiff's concerns that his representation constituted a "conflict of interest" as Plaintiff had named officials in the Circuit Court of Cook County, Illinois Office of the Chief Judge-Mr. Timothy C. Evans. If a similar situation occurred among private criminal defense attorneys and criminal defendants it would be considered a "conflict of interest" absent consent being given in writing and the same logic should apply in this instance. Plaintiff never consented in writing to wanting Mr. Mullenix's representation despite an apparent conflict of interest occurring, 6) Mr. Mullenix failed to provide a thorough and extensive set of defensive positions during the Motion to Quash Hearing before Honorable Judge Earl Hoffenberg that took place in September 2015, 7) Mr. Mullenix breached his duty by instigating duress in Plaintiff's mother who accompanied him to court the past six months by encouraging a plea deal to recoup bail bond money as she is financial strained and needed and by emphasizing jail as the only negative outcome at trial. Failed to mention all of the positive points about how a trial could go well and what strengths existed in this case in the presence of Plaintiff's mother, 8) Mr. Mullenix failed to ensure the protection of Plaintiff's rights by not allowing him to engage in a plea deal in October 2015 before Honorable Judge Earl Hoffenberg when he had indicated just 10-20 minutes earlier in open court that he was enduring "duress" and the judge had informed Plaintiff he couldn't accept a plea deal under these circumstances and told Plaintiff to go with his attorney to the hallway to discuss the matter. However, Mr. Mullenix didn't seek another court date to reconvene and neither did the judge nor did they advise Plaintiff to continue with the trial date, however, by allowing a plea deal under duress Judge Hoffenberg, Attorney Mullenix, and even States Attorney Mr. Williams all collectively played a role in instigating an illegal and malicious outcome in this case that qualifies as a miscarriage of justice, 9) Failed to seek a reevaluation of fitness to stand trial or engage in a plea deal as the prior evaluation was over two years old. Since this was an issue asserted in the past, proper procedures should have been followed and defense counsel, judges, and prosecutors all to some extent failed to ensure this due process protection was conducted prior to any trial or plea negotiations, as such the outcome is void, even though the illegal arrest and illegal criminal complaint also make any outcome

void. Likewise, the excessive and historic delay of these underlying criminal proceedings make any outcome void as the only remedy for a lack of speedy trial is to dismiss the charges in accordance with Stare Devises and U.S. Supreme Court precedent, 10) Engaging in actions or failed actions that directly or indirectly violated and/or facilitated violations of Plaintiff's State of Illinois Constitutional, United States Constitutional, and International Declaration of Human Rights among other applicable civil rights, human rights, and due process laws, treaties, and legislation. 11) Officials have acted above the law, through failure to behave in compliance with established law and whose conduct is negligent and punitive in nature when comparatively analyzing this case with other local, state, and federal cases of a similar or more serious nature, 12) Ultimately, these Defendants facilitated the whole sequence of events involved in this case by not properly following acceptable guidelines and procedures thereby raising questions about their credibility and questioning potential motives of such failure to follow procedures if their confidence of Plaintiff's involvement was so apparent. Attached exhibits, including copies of prior civil rights federal lawsuits may also specify other ways these Defendants negatively influenced Plaintiff justifying their naming in this civil federal suit and qualifying Plaintiff for appropriate relief sought in this complaint, 10) Facilitating violations of the Universal Declaration of Human Rights Articles 7 and 10 pertaining to equal protection under the law and bringing criminal defendants to a speedy and impartial tribunal in a timely manner, which is not only the State of Illinois's responsibility, by an through the Office of the Illinois State's Attorney and those aforementioned *Illinois States Attorneys, but also those who are assigned to represent and* judge the criminally accused along with those employed as courthouse administrators such as the Chief Judge of the Circuit Court of Cook County, Illinois and the Presiding Judge of the 2nd Municipal District's Skokie Courthouse of that same court system.

**Federal Question Raised:**

**Does it constitute a "conflict of interest" if a court system appoints the assistance of counsel, to an indigent/poor accused criminal defendant, through its administrative offices if officials and/or the office itself has been named in prior civil rights litigation or should the court ethically defer proceedings to change venue to a different court facility or system (if senior officials in the court system such as the Chief Judge have been named in litigation), thereby insuring the accused Defendant is provided a fair, equal, objective, and non-discriminatory opportunity to endure court proceedings and not have to raise this argument each time on appeal costing the criminal justice system more tax dollars?**

DEFENDANT(S): 25

Defendant(s), Circuit Court of Cook County, Illinois Forensic Clinical Services & Director: Dr. Mathew S. Markos, engaged in wrongdoing as it pertains to this case through:
1) Engaging in psychiatric and mental health evaluation practices that force criminal defendants against their will to under go intrusive private mental health evaluations where even a family member can be present as a witness in the exam room. While these Defendants may claim they were just following court orders, *they should be cognizant about the notion that criminal defendants have* a U.S. Constitutional 5th Amendment right to remain silent during criminal proceedings and this includes forced mental health evaluations. This significance of forcing a mental health evaluation may only produce unreliable data and cause further harm than good while extending criminal litigation at the ultimate cost of taxpayers, 2) Engaging in actions or failed actions that directly or indirectly violated and/or facilitated violations of Plaintiff's State of Illinois Constitutional, United States Constitutional, and International Declaration of Human Rights among other applicable civil rights, human rights, and due process laws, treaties, and legislation, 3) Officials have acted above the law, through failure to behave in compliance with established law and whose conduct is negligent and punitive in nature when comparatively analyzing this case with other local, state, and federal cases of a similar or more serious nature, 4) Ultimately, these Defendants facilitated the whole sequence of events involved in this case by not properly following acceptable guidelines and procedures thereby

raising questions about their credibility and questioning potential motives of such failure to follow procedures if their confidence of Plaintiff's involvement was so apparent. Attached exhibits, including copies of prior civil rights federal lawsuits may also specify other ways these Defendants negatively influenced Plaintiff justifying their naming in this civil federal suit and qualifying Plaintiff for appropriate relief sought in this complaint

DEFENDANT(S): 26-29

Defendant(s), Cook County, Illinois Board of Commissioners & President: Mrs. Toni Preckwinkle, State of Illinois Attorney General: Mrs. Lisa Madigan, State of Illinois Judicial Inquiry Board & Agency Chair: Judge McDonald C. Hudson, State of Illinois Attorney Registration & Disciplinary Commission & Agency Chair: Mrs. Joan Myers Eagle, engaged in wrongdoing as it pertains to this case through: 1) Fostering a culture of corruption and a negative image in the Cook County, Illinois and State of Illinois regions through a failure to timely intervene and take mitigating action, 2) Failure to ensure the full investigation of all claims of official misconduct relative to this case, 3) Failure to ensure fair court proceedings and/or the implementation of a venue change to ensure such proceedings are fair, unbiased, and objectively non-reflective of an parties underlying interests in the underlying criminal case, 4) Failure to ensure the highest level of fairness, equality, consistency, credibility, continuity, in Plaintiff's case compared to similar or more serious criminal cases across Cook County, Illinois, the State of Illinois, and the United States of America which either were fairly handled, dismissed if appropriate, not as lengthy, or that the person representing the criminal defendant was not in any way biased or pressured by the "interests" of other parties to the case, either civil or potentially criminal etc., 5) Engaging in actions or failed actions that directly or indirectly violated and/or facilitated violations of Plaintiff's State of Illinois Constitutional, United States Constitutional, and International Declaration of Human Rights among other applicable civil rights, human rights, and due process laws, treaties, and legislation. 6) Officials have acted above the law, through failure to behave in compliance with established law and whose conduct is negligent and punitive in nature when comparatively analyzing this case with other local, state, and federal cases of a similar or more serious nature, 7) Ultimately, these Defendants facilitated the whole sequence of events involved in this case through a failure to intervene and by not properly following acceptable guidelines and procedures thereby raising questions about their credibility and questioning potential motives of such failure to follow procedures if their confidence of Plaintiff's involvement was so apparent. Attached exhibits, including copies of prior civil rights federal lawsuits may also specify other ways these Defendants negatively influenced Plaintiff justifying their naming in this civil federal suit and qualifying Plaintiff for appropriate relief sought in this complaint, 8) Facilitating violations of the Universal Declaration of Human Rights Articles 7 and 10 pertaining to equal protection under the law and bringing criminal defendants to a speedy and impartial tribunal in a timely manner, which is not only the State of Illinois's responsibility, by an through the Office of the Illinois State's Attorney and those aforementioned Illinois States Attorneys, but also those who are assigned to judge the criminally accused along with those employed as courthouse administrators such as the Chief Judge of the Circuit Court of Cook County, Illinois and the Presiding Judge of the 2nd Municipal District's Skokie Courthouse of that same court system. The responsibility also rests with state and federal agencies who engage in oversight to ensure each criminal defendant is fairly treated and to ensure proper procedures are objectively conducted in an environment free of corruption while complying with the Illinois State Constitution, the United States Constitution, and the International Universal Declaration of Human Rights.

DEFENDANT(S): 30-31

Defendant(s), Oakton Community College and the City of Des Plaines, Illinois, engaged in wrongdoing as it pertains to this case through: 1) Elected to become involved in a criminal investigation prior to any court subpoena through providing information that may wrongfully finger point at individuals unfairly, biasedly, and non-objectively, 2) Failure to refrain from providing investigative information absent a court subpoena as both facilities the Oakton Community College and the Des Plaines Public Library have non-password protected Wi-Fi networks which could

theoretically allow any person to directly (from the property) or indirectly (remotely) access the network and send harassing emails, thereby increasing the pool of criminal defendants along with the myriad of potential motives which may underlie such behavior. The compliance with investigators, who appear to have been acting on hunches and mere suspicion only helped prompt finger pointing at Plaintiff as the criminal defendant, 3) If it weren't for the interplay between the Park Ridge Police Department, Advocate Lutheran General Hospital, Oakton Community College, and officials from the City of Des Plaines, Illinois employed at its public library facility no hunches or mere suspicion for an arrest pertaining to the alleged harassing email communications would exist to arrest Plaintiff, 4) Facilitating the perpetuation of unfair initiation of criminal proceedings through providing information in response to questions by investigators, which may be based on hunches and mere suspicion, and failing to wait until a court subpoena was issued, thereby affirming a warrant for arrest would been issued and that the matter was fully under court oversight and in proper compliance with the law, 5) Ultimately, Defendants facilitated this unfair criminal cases emergence while playing a foundational role regarding the harassing email communications alleged against Plaintiff, allegations he has no criminal history of engaging in, nor nothing logically to recover from such misconduct.

DEFENDANT(S): 32

Defendant(s), the City of Arlington Heights, Illinois, engaged in wrongdoing as it pertains to this case through: 1) Insinuating in a defamatory, slanderous, and/or libelous manner, by an through its police officers and/or other persons employed for its municipality that Plaintiff engaged in some type of harassment of a prior friend named Mindy which Plaintiff met in the Fall of 2008 at William Rainey Harper College in Palatine, Illinois. It was brought to Plaintiff's attention on Friday January 11, 2013 prior to criminal court proceedings pertaining to the underlying criminal allegations involving Advocate Healthcare of property defacement and electronic harassment that Plaintiff had allegedly harassed this individual. Prosecutors however never chose to actually formally charge Plaintiff during the Statute of Limitations for this alleged misconduct. Plaintiff has maintained that he didn't engage in such misconduct and that he would demand a trial by jury to resolve the matter if it was formally pursued by the prosecutor. Naturally we would expect that if there were a legal basis to charge Plaintiff with additional crimes of harassment that the prosecutor would have done so, if nothing else, as an attempt to leverage the State's position against Plaintiff. However, it is suspicious that these allegations came after several plea deals had been offered to Plaintiff in the Advocate criminal case in which Plaintiff adamantly sought a trial by jury. Naturally, we would expect the prosecutor to pursue additional criminal charges if there appears to, in this case be an alleged criminal recent history of harassment, in an attempt to ensure to society that the offender receives rehabilitation. However, Plaintiff had not seen this individual since the Spring of 2009 when he finished a Human Physiology course with her at the college and thus nearly four years elapsed with no communication between both Plaintiff and Mindy. What would Plaintiff gain by some alleged form of harassment? He no longer went to school with her, he didn't work with her, and he didn't live with her, so what was there to gain? Furthermore, Plaintiff is legally blind and has limited distance vision so this would further complicate his ability to know what Mindy is doing from a visual aspect while creating favorable conditions, whereby it would be easy for someone to take advantage of Plaintiff's limited visual condition. For example, Plaintiff's visual condition requires him to take public transportation, walk various places in the community, and it limits his ability to know what people are in his vicinity creating a vulnerability to potential misconduct and harassment which he has endured since grade school. Plaintiff is concerned that someone may have been trying to get him in trouble and has reported suspicious vehicles over the past four years that may serve some relevance.

As a matter of background, it should be noted that Plaintiff originally met Mindy in a Human Anatomy course in the Fall of 2008. Plaintiff was admitted into a Human Physiology Course in the Spring of 2009 as a result of early course registration for disabled students at the college and Mindy later registered for the same course and section. Mindy displayed a questionable history of credibility issues as it pertains to this case as she engaged in a history of academic dishonesty for cheating in

direct view of many witnesses. Plaintiff witnessed this behavior and was concerned for Mindy's well being of possibly being caught and expelled from the college. This prompted Plaintiff to talk to the instructor of the course who was also the Biology Department Chair, Mrs. Sandra Kreiling to advise her of the situation, as Plaintiff didn't want to cause trouble or to make enemies with a friend he cared about. Plaintiff indicated to Mrs. Kreiling that he would do whatever he could to help Mindy, even stay up all night making flash cards to help her succeed. Plaintiff is not sure if someone in the class with similar motives to cheat (who could have been negatively influenced by the report of cheating behaviors, as their misbehaviors may have been inhibited), or someone affiliated with Mindy, or someone who may have worked at Advocate Lutheran General Hospital and went to the college could have had motives relative to these alleged forms of harassment. Keep in mind that these Human Anatomy and Human Physiology courses are vital to entry and completion of a myriad of healthcare programs in a heavily competitive collegiate environment so if cheating and misconduct were widespread than Plaintiff's informative notice to the instructor could have made him a target of misconduct. It should also be noted that during the last period of time Plaintiff communicated with Mindy, during the Spring of 2009, Plaintiff was concurrently starting his volunteering role in the Patient Transportation Department at Advocate Lutheran General Hospital, so it is possible that someone in the Human Physiology course or at Harper College could have been employed or acquainted with someone employed at Advocate Lutheran General Hospital and this facilitated a connection between these allegations. After all, Advocate Lutheran General Hospital has over 3,000+ employees and far more students regularly attend Harper College making this argument one that raises extensive reasonable doubt.

Regardless of anyone's standpoint on any of these childish criminal allegations, no definitive evidence has been found against Plaintiff, neither any real gain to be made. While Plaintiff cared and will always care about the well being of his friend Mindy, it makes no sense to harass her if she desired to act in an academically dishonest manner which was against Plaintiff's ethical beliefs or his prior 2 ½ years of nursing experience, which taught him that academic dishonesty and a lack of being amply educated during healthcare courses and training can lead to tragedies later on in the healthcare profession. What is even more appalling is that Plaintiff was informed that he couldn't have contact with his friend again, all over some sort of apparent childish unfounded and unsubstantiated harassment allegations. Even to this day the mere thought of this wonderful friend puts a smile upon Plaintiff's face and he wishes the prosecutors in this case knew how much she has meant to him, how much he wanted to see her succeed, and how much he will always miss her as these realities would send a chills down their spine and they would know then something is terribly wrong in this case and that reasonable doubt of Plaintiff being guilty and ample evidence of him being innocent only supports this reality. Defendant Private Attorney James Busch and a TASC social worker were just a couple of the people outside courtroom #205 on that cloudy Friday January 11, 2013 day. In fact, the prosecutor, believed to be Defendant Natalie Sanchez actually asked the judge to have Plaintiff arrested after he didn't take any plea deals {which included a plea deal of deferred prosecution) which was followed by these childish insinuations that Plaintiff harassed a friend that he hasn't seen in now over ½ of a decade, since the Spring of 2009. The prosecutor would ultimately get what she wanted suspiciously one month later when Plaintiff was alleged to have violated his bail bond by contacting Advocate Lutheran General Hospital maliciously when any number of people could have engaged in these actions and again no objective physical evidence proved Plaintiff's wrongdoing. Plaintiff would serve eight days in jail from February 8-16 with his life in danger all over childish criminal misdemeanor allegations commonplace in a high school setting in which he stood to gain nothing and in which more logical and plentiful motives and explanations exist for other people having carried out the alleged criminal misconduct.

Plaintiff is seeking that any libelous report or any other defamatory documents, statements or insinuations pertaining to this situation are ceased and/or destroyed. Any such report and its continued existence helps argue a "continuous" form of harm based on unfounded and unsubstantiated insinuations that Plaintiff engaged in harassment which could have already unfairly harmed Plaintiff's reputation in the past, now, or in the future. Since there is a potential connection with these side harassment allegations and the criminal allegations in the underlying Advocate

Healthcare situation it is prudent for Plaintiff to report the actions of officials believed to be with the City of Arlington Heights to this honorable court.

DEFENDANT(S): 33-34

Defendant(s), United States of America: Federal Agency-United States Department of Justice and United States of America: Federal Agency-United States Federal Bureau of Investigation, engaged in wrongdoing as it pertains to this case through: 1) Failure to heed nearly three years of reports and a paper trail of requests involving concerns about this underling criminal case, the illegal arrest, the history of misconduct by the Park Ridge Police Department, the unfair and unconstitutional treatment at the Circuit Court of Cook County, Illinois etc., 2) Failure to intervene to ensure a speedy trial by jury, 3) Failure to ensure all timely motions were heard, especially after reports of the case being excessively delayed and that a speedy trial was demanded, 4) Failure to intervene to insure Plaintiff would be able to file criminal charges against the arresting police officers despite Plaintiff making attempts through the City of Park Ridge, Illinois, other state agencies, and informing this honorable Federal District court in prior civil rights litigation, 5) Failure to intervene to ensure the highest level of fairness, equality, consistency, credibility, continuity, in Plaintiff's case compared to similar or more serious criminal cases across the United States of America which either were fairly handled, dismissed if appropriate, not as lengthy, or that the person representing the criminal defendant was not in any way biased or pressured by the "interests" of other parties to the case, either civil or potentially criminally, 6) Engaging in actions or failed actions that directly or indirectly violated and/or facilitated violations of Plaintiff's State of Illinois Constitutional, United States Constitutional, and International Declaration of Human Rights among other applicable civil rights, human rights, and due process laws, treaties, and legislation, 7) Officials have acted above the law, through failure to behave in compliance with established law and whose conduct is negligent and punitive in nature when comparatively analyzing this case with other local, state, and federal cases of a similar or more serious nature, 8) Ultimately, these Defendants facilitated the whole sequence of events involved in this case through a failure to intervene and by not properly following acceptable guidelines and procedures thereby raising questions about their credibility and questioning potential motives of such failure to follow procedures if their confidence of Plaintiff's involvement was so apparent. Attached exhibits, including copies of prior civil rights federal lawsuits may also specify other ways these Defendants negatively influenced Plaintiff justifying their naming in this civil federal suit and qualifying Plaintiff for appropriate relief sought in this complaint, 9) Facilitating violations of the Universal Declaration of Human Rights Articles 7 and 10 pertaining to equal protection under the law and bringing criminal defendants to a speedy and impartial tribunal in a timely manner, which is not only the State of Illinois's responsibility, by an through the Office of the Illinois State's Attorney and those aforementioned Illinois States Attorneys, but also those who are assigned to judge the criminally accused along with those employed as courthouse administrators such as the Chief Judge of the Circuit Court of Cook County, Illinois and the Presiding Judge of the 2nd Municipal District's Skokie Courthouse of that same court system, but also State and Federal Justice administrative agencies entrusted with ensuring the integrity and fairness of justice proceedings across the United States of America. The responsibility also rests with state and federal agencies who engage in oversight to ensure each criminal defendant is fairly treated and to ensure proper procedures are objectively conducted in an environment free of corruption while complying with the Illinois State Constitution, the United States Constitution, and the International Universal Declaration of Human Rights.

**Federal Question Raised:**

When should federal agencies such as the United States Department of Justice and the Federal Bureau of Investigation intercept and intervene with illegal court misconduct, especially if an illegal arrest, illegal criminal complaint, and unfair case delay are present? Shouldn't these governmental administrative agencies have the capacity and duty to intervene and investigate where necessary to ensure fair and fundamental civil, constitutional, and due process rights are protected? If court officials delay a criminal case and abuse their authority a trial may never come as has been witnessed in this case and plea deals may be abusively forced upon criminal defendants in a manner of extreme duress and thus an appeal may never be available to remedy the wrongdoing to the criminal defendant in an attempt to hide, conceal, or otherwise cover-up official misconduct tactically.

## DAMAGES

Plaintiff seeks the below relief from this honorable court to make the Plaintiff "whole" for the following reasons, but not limited to: impact on 3 ½ + years of Plaintiff's lifetime, which can't be replaced or recovered, violations of local ordinances, violations of State Laws and Constitutional Rights of the State of Illinois, violations of Federal Laws and Constitutional Rights of the United States of America, International Universal Declaration of Human Rights Violations, Violations of other applicable International Laws and Treaties, Due Process Rights Violations, Violations of Equal Protection Under the Law, lost employment time/wages/benefits/promotions, humiliation, delayed pursuits of a medical career, abuse of authority/process, color of law violations, false arrest, false imprisonment, kidnapping, malicious prosecution, stress on family, stress on self, potential negative impact on prior relationships with staff at Advocate Lutheran General Hospital due to unsubstantiated criminal perceptions, costs associated with civil and criminal cases, endangerment due to excessive bail and time spent in jail, endangerment of being sent from Cook County Jail with inadequate/used clothing into subfreezing weather after proper clothing was misplaced by the facility in February 2012 following an eight day stay at the jail during the Winter, negligent actions of Defendants or their subordinates, unsafe misbehavior involving hospital employees not following procedures, Defendants failure to intervene to ensure Illinois, United States, and Universal Declaration of Human Rights are protected in a timely manner comparative to other criminal cases, condoned excessive delay of a misdemeanor criminal case for over 3 ½ years by Defendants and abuse of court records and processes such as using "MD" codes on the court record to achieve this delay etc. This honorable United States Federal District Court is obligated to ensure that Plaintiff is provided all appropriate remedies under the law as outlined in Article 8 of the Universal Declaration of Human Rights which states: "Everyone has a right to an effective remedy by the competent national tribunals for actions for acts violating the fundamental rights granted him by the constitution or by law." Since this case, reports thereof, and/or copies of this civil action and other materials are destined worldwide, Plaintiff cites the Universal Declaration of Human Rights, even though he has already referred many times to the Illinois State Constitutional and the United States Constitution, which have been violated likewise.

**A)**     **Monetary Compensation & Punitive Damages:**

      **A1:**     **$10,000,000.00 (Ten Million Dollars)**

      **A2:**     **Full refund of $1,000 (including the 10% non-refundable fee) bail bond from Friday February 8 2015 to Saturday February 16, 2013 stay in Cook County Jail. Since Plaintiff was illegally arrested and this case should have been dismissed long before the alleged bail bond violation, he should be returned this bond money because if it weren't for the illegal arrest the bond money wouldn't have been needed. (8 days spent in jail)**

      **A3:**     **Full refund of $2,500 (including the 10% non-refundable fee) bail bond from Thursday May 21, 2015 to Saturday May 23, 2015 stay in Cook County Jail. Since Plaintiff was illegally arrested and this case should have been dismissed long before the alleged bail bond violation, he should be returned this bond money because if it weren't for the illegal arrest the bond money wouldn't have been needed. (2 days spent in jail)**

**B)**     **Personal Property:**

    **B1:**     **Return of Plaintiff's 17 Inch DELL navy blue and black laptop computer confiscated on April 3, 2012 during the arrest phase of the criminal litigation process by City of Park Ridge police officers.**

    -Failure to return Plaintiff's property when the police lacked a warrant to take possession of that property and such actions being condoned by this honorable court serves to set bad case precedent of how governmental officials can steal or commit theft against private citizens. Such illegal actions raise justified credibility about the motives of law enforcement officials involved in this case which could include possible illegal manipulation of the computer itself or other related evidence. It should be noted that this computer was used extensively for university and college purposes and has been left unattended in many locations (e.g. Advocate Lutheran General Hospital, Harper College, Oakton Community College, University of Illinois at Chicago, Rolling Meadows Public Library, Arlington Heights Public Library, Mount Prospect Library, Park Ridge Public Library etc.) with the security of merely a Fargus cable lock. The unit was never password protected and may have been compromised with viruses, Trojans, malware etc. Since Plaintiff is legally blind such computer manipulation may have been all but impossible to detect making him easy to take advantage of and only recently has he become more knowledgeable about the need for computer password protection or how to protect a computer from malicious interference or hacking, which is commonplace in todays society. In fact, hacking and computer manipulation are so common in todays society that people can take direct or remote control of other people's computers, laptops, Ipads, cellular phones, and even networks with an unlimited number of potential underlying motives, which is really scary, but equally raises the need for a near 100% standard of proof beyond a *reasonable doubt to be reached prior to computer related convictions to be* granted, otherwise innocent people will only suffer extensively from alleged computer crimes in the years to come, especially in a criminal justice system that attempts to constantly force plea deals as seen in Plaintiff's underlying criminal case.

**C)**     **Injunctive Relief:**

    **C1:**     **Full reinstatement to employment at Advocate Lutheran General Hospital**

    -Failure to authorize full reinstatement to employment at ALGH stands to set bad case precedent because the hospital started this whole situation through poor human resource management and failing to fairly follow its own disciplinary procedures of having a adversarial hearing. The hospital involved the Park Ridge Police Department who chose to engage in an illegal arrest where many people could have perpetrated the crimes and an illegal arrest, like several the department has conducted in the past which have lacked probable cause for arrest, was affected upon Plaintiff. Plaintiff has asked for a Speedy Trial by Jury in the face of childish allegations he is not mentally fit

for trial or that he is incompetent as delay tactics to take advantage of a poor person and ultimately delay the exposure of illegal police activity. Ironically, Plaintiff was obtaining a dual degree in Psychology an Criminology, Law, & justice with departmental distinction from the University of Illinois at Chicago during the time he was alleged of these crimes. Plaintiff even alerted the police officers of his criminal justice training when he asked for a lawyer and they ignored this request twice. Bad case precedent as it pertains to employers could be created by not reinstating Plaintiff because he has shown up to criminal court for over 2-½ years and sought his day in criminal court, even spending eight days in Cook County Jail on frivolous allegations he contacted the hospital maliciously in violation of a bail bond, an allegation that stood to gain him nothing and may have been perpetrated by other individuals or people with "interests" in the outcome of this case.

**C2:** **Full reinstatement of all statuses (e.g. employee seniority status), that would be intact if this whole situation wouldn't have occurred**

-Plaintiff was hired by Advocate Lutheran General Hospital on May 2, 2010 and would now have an accrued 5+ year employee seniority status with Advocate Healthcare if not for this situation.

**C3:** **Reasonable employment accommodations to pursue medical career goals.**

**C4:** **Costs associated with revalidating Plaintiff's certified nurses assistant certification at a community college.**

**C5:** **Evaluation plan for progress of employment pursuits (e.g. to overcome any disability concerns and log progress)**

**C6:** **Any disciplinary records at Advocate Healthcare/Advocate Lutheran General Hospital cleared (including any computerized system human resource records), notation of rehirable status at all Advocate Healthcare sites, and a notarized copy of record provided to Plaintiff**

-Failure by this honorable court to ensure this request is met stands to create significant bad case precedent within employment law. It is extremely serious when an employer ostracizes a person from one of its facilities, let alone the whole organization, especially if fair adversarial findings have not been rendered against a criminal defendant. Advocate Healthcare is the largest healthcare system in Chicago and the second largest overall employer. Plaintiff's desire to pursue nursing at one of its facilities should not be impeded unless fairly justified, otherwise this raises a federal question of potential violation of Plaintiff's 14th Amendment rights. This serves to cause potential abuse whereby people could get other people in trouble and terminated from an establishment, supervisors could abuse their

power and get subordinates they dislike terminated, or other abuses could serve to take advantage of poor individuals whom are the most vulnerable in an employment setting.

**C7:** **Defendants to refrain from making untrue or unfounded statements to any agency or person who may inquire about Plaintiff or Plaintiff's prior employment at Advocate Lutheran General Hospital. Defendants to refrain from any defamatory, libelous, or slanderous discussion with any person of the community about unfounded allegations involving Plaintiff, keeping in mind that gossip can be spread and be brought to Plaintiff's attention.**

**C8:** **Defendants refrain from violating Plaintiffs Illinois Constitutional, United States Constitutional, or International Universal Declaration of Human Rights or any other rights conferred upon individuals to ensure fair treatment and Due Process under the law.**

**C9:** **Removal of all arrests and criminal charges pertaining to this incident involving Advocate Healthcare as the root of this whole situation stems from an illegal and unconstitutional arrest from Plaintiff's criminal background history, and a notarized copy provided to Plaintiff.**

**D)** **Fair and Compliant Resolution of Excessively Delayed Underlying Criminal Litigation:**

-Circuit Court of Cook County Criminal Case #12200118601-
*People of the State of Illinois v. Robert Schindler,* evaluated for a Motion for Change of Venue, to be transferred to U.S Federal District Court or an alternative State court venue outside of Cook County, Illinois due to concerns about official misconduct, abuse of power, abuse of process, color of law abuses, federal questions, federal constitutional rights violations, and concerns by Plaintiff that given the extensive delay of the case he will not receive a fair trial at the Circuit Court off Cook County Municipal 2nd District Skokie Courthouse.

-Circuit Court of Cook County Criminal Case #12200118601, evaluated for a Motion to Dismiss With Prejudice for Lack of Speedy Trial under the 6th Amendment of the United States Constitution and Article 11 of the Universal Declaration of Human Rights. Note: Plaintiff's Public Defender, Robert Mucci, claims that Plaintiff can't request this motion be put forward without his approval because he is Plaintiff's assigned attorney. Plaintiff is concerned about filing his own motions with the court in fear it will be construed that he wants to represent himself PRO SE. For this reason Plaintiff has contacted agencies on a Local, State, National, and International level to document the unfair treatment he has endured and the motions he feels are necessary as a form of record of such claims. Defendants who are involved in this civil proceeding are aware of Plaintiff's pleas for a Speedy Trial, a Trial by Jury, and several pre-trial motions to be

heard as many of their offices have been contacted multiple times over the last 3+ years.

-Circuit Court of Cook County Criminal Case #12200118601, evaluated for Motions to Quash Arrest and Suppress Statements, originally produced and filed in the Fall of 2012 with the Circuit Court of Cook County Municipal 2nd District Skokie Courthouse by Attorneys John Clarke and James Busch from the Law Offices of Clarke & Busch Ltd of Arlington Heights, Illinois. The criminal case appears to be lacking probable cause and the arrest was on a date separate from the alleged misconduct. Many people could have been the wrongdoer of the alleged conduct making a strong argument for a lack of probable cause and reasonable doubts involving allegations commonplace in a school setting. Furthermore, technology can be manipulated in a myriad of ways by almost anyone adding further doubts to the existence of probable cause initially or the clear presence of reasonable doubt if and when a trial is commenced. The alleged property defacement could have been conducted by several different people. Assumptions can not be used as a basis to pick and chose who to arrest. For example, someone who assumes men only conduct property defacement are introducing bias which contaminates the fair administration of justice. Given the credibility issues raised in this thick complaint against the Park Ridge Police Department, any surveillance could have easily been manipulated through software abuse or looping video feed. The concealed nature of this case reflects the degenerate nature Cook County, Illinois and its law enforcement and judicial officials have become affiliated with.

-Immediate humane and dignified resolution of Circuit Court of Cook County Criminal Case #12200118601 which has lasted 3 ½ + years since the original arrest date of April 3, 2012 over 2 ½ + years since Plaintiff originally certified U. S. mailed the Illinois States Attorney's Office at the Skokie Courthouse and his then private attorneys Mr. John Clarke and James Busch of his desire to seek a Trial by Jury under the 6th Amendment of the United States Constitution and Article 10 of the Universal Declaration of Human Rights. This case is excessively delayed compared to other criminal cases on a State or Federal level and it violates Domestic and International Laws governing the prompt adjudication of criminal allegations in a timely manner, especially for this level of alleged criminal conduct. This case should be Dismissed With Prejudice for Lack of Speedy Trial to comport with case precedent.

-Ability to be free to leave the State of Illinois or the United States of America and travel as protected by Article 13 of the Universal Declaration of Human Rights. Criminal allegations restrict Plaintiff's ability to move freely on a domestic or international level.

-Thorough investigation of attorneys, judges, and prosecutors regarding all complaints filed with the State of Illinois Attorney Registration and Disciplinary Commission and the State of Illinois Judicial Inquiry Board

-Thorough investigation of defendants regarding violations of State of Illinois Constitutional, United States Constitutional, and International Human Rights violations. Appropriate action taken as deemed by designated Federal or State investigative agencies and judicial court systems.

-Informative notice about the procedures to file kidnapping charges against Park Ridge police officers involved in this case. Plaintiff doesn't feel comfortable physically going to the Park Ridge police department and knows in prior recent claims of officer misconduct involving the Park Ridge Police department that requests by alleged criminal defendants to file complaints against officers or obtain Freedom of Information Act (FOIA) reports have been met with resistance and denial (example: *Gavin Farley v. City of Park Ridge, Illinois et al*: 2007cv06063-filed on basis of police officer abuse of power, assault, color of law, and civil rights violations). Plaintiff has reported his concerns to the United States Department of Justice and the Federal Bureau of Investigation among other agencies.

**PLEASE BE ADVISED:**

Plaintiff is concerned that Defendants and other subordinate officials have engaged in corruption and have tried to avoid ensuring a speedy trial, fair underlying criminal case outcome, and subsequently violated his United States Constitutional Rights, State of Illinois Constitutional Rights, and Universal Declaration of Human Rights because his employer Advocate Lutheran General Hospital didn't conduct a thorough internal investigation hearing, police lacked probable cause based on oath and affirmation and reflective of a set of particular facts and a verified criminal complaint, police lacked an arrest warrant or bases to affect an arrest absent said warrant, police conducted a kidnapping of his person and theft of his DELL laptop computer, police engaged in a false arrest, police engaged in false imprisonment, prosecutors are aware that reasonable doubt for guilt exists, prosecutors are engaged in malicious prosecution, lawyers are not abiding by Plaintiff's United States Constitutional rights regarding how the lawyer is supposed to behave, prosecutors and lawyers have engaged in attempts to delay this case intentionally, knowingly, and maliciously with allegations Plaintiff is not mentally fit for trial or that he is incompetent and judges have condoned the excessive delay of this criminal case while engaging in judicial misconduct for allowing an illegal criminal complaint and a case perpetuated by an illegal arrest to flourish 1/3 of a decade in the State of Illinois Circuit Court of Cook County, Illinois court system. In addition to this, a finding of "not guilty" would mean civil or criminal liability for many of the above-mentioned defendants. Hence the delay of this case appears to be a tactical attempt to avoid such a potential "not guilty" finding or the outright dismissal of the criminal complaint in its entirety, and thus plea deals and most recently the plea deal with a guilty plea attached has been heavily used to heckle Plaintiff over the excessive length of this case causing a "continuous" state of duress for himself and his family. Given the amount of Defendants involved in this case, Plaintiff has a justified concern about "conflicts of interest" of receiving fair and impartial court proceedings within the Circuit Court of Cook County, Illinois. Since the underlying criminal matter was never fairly resolved, despite Plaintiff's requests for a speedy trial by jury, or a venue change, coupled with his 2 ½ years of monthly continued court appearances, this case remains in a "continuous" status of harm induced and propagated by the Defendants in this case. Each Defendant played a role in this cases existence, whether large or small, they collectively resulted in the violations of Plaintiff's Domestic Illinois and U.S. Constitutional and Universal Declaration of Human Rights while serving to affix a continued negative image upon the City of Park Ridge, Illinois; Cook County, Illinois; the Circuit Court of Cook County, Illinois, and the State of Illinois. If Plaintiff was definitively guilty then we would have expected that any evidence to establish that claim would have been provided to the investigators at the United States Equal Employment Opportunity Commission and that they would have dismissed the case as being one of definitive misconduct versus a wrongful termination, disability discrimination, retaliation, and unfair employer adversarial investigative proceedings that led to an illegal criminal complaint, an illegal arrest, malicious prosecution, and a historically lengthy set of court proceedings among other things.

One could postulate an additional Federal Question about if statutes of limitations should be extended in cases like this with unresolved criminal charges, which pose a "continuous" state of harm. After all, Plaintiff has sought for three years to file a criminal complaint against the Park Ridge Police Department, the arresting police officers, and the City of Park Ridge, Illinois, by and thru its officials having intentionally, knowingly, and maliciously prevented Plaintiff from being able to file such a complaint which even this court has knowledge of, raising an inference of the this court condoning such conduct through its failure to intervene or provide the necessary assistance of counsel to ensure such protected rights in the interest of Plaintiff and other people in society from enduring official misconduct, so as to make society a better place with a higher standard of quality of life in a region of America known for corruption, official misconduct, and many other bad things. Regardless of whether Plaintiff was the victim of circumstance or intentional misconduct, reasonable doubt for his guilt and ample evidence supportive of his innocence exists and thus he should be returned to his prior employment at Advocate Lutheran General Hospital and awarded civil compensation and other relief that this honorable court deems just and proper, so as to ensure the fair and consistent administration of justice and reliable case precedent.

WHEREFORE, the plaintiff, Robert Schindler, respectfully seeks the above relief in addition to any declaratory, injunctive, and other relief as it deems just and proper.

PLAINTIFF,

*Robert Schindler*

ROBERT SCHINDLER (PRO SE)

*Oct 26, 2015*

October 26, 2015

CONTACT INFORMATION

Mailing Address:    1720 West Palm Drive, #21
                    Mount Prospect, Illinois 60056

Phone #:            (312) 375-7053
Email:              IWALFM@yahoo.com